## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KOSTA I. KOSTOV,

    Plaintiff,

        vs.

JAMES TUNSTALL, SR., JASON MILLER,
TIM KOMOROWSKI, DEREK MILLER,
and ZACHARY POTETZ,

    Defendants.

CASE NO.:

Hon. J.

**JURY TRIAL DEMANDED**

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Kosta I. Kostov, by and through his trial attorney, Erik M. Yurkovich, Esq., who files this Civil Complaint pursuant based upon the following.

### I. PARTIES

1. The Plaintiff is Kosta I. Kostov ("Kostov"), resident of Millvale who may be located at 505 Mary Street, Pittsburgh PA 15209-2327.

2. The Defendant is Millvale Code Enforcement Officer, James Tunstall, Sr., ("Tunstall") who is located at 501 Lincoln Ave., Millvale PA 15209.

3. The Defendant is Millvale Council Member and direct neighbor to Plaintiff, Jason Miller located at 507 Mary Street, Millvale PA 15209.

4. Defendant is current Millvale Chief of Police, Tim Komorowski ("Komorowski") who is located at 501 Lincoln Ave., Millvale PA 15209.

5. Defendant is Millvale Police Officer, Zachary Potetz ("Potetz") who is located at 501 Lincoln Ave., Millvale PA 15209.

6. Defendant is former Millvale Chief of Police, Derek Miller, who is located at 501 Lincoln Ave., Millvale PA 15209.

7. All Defendants are representatives of the City of Millvale and for purposes of this Complaint, acted with color of state law and municipal authority.

8. All Defendants are sued in their individual capacities.

## II.   JURISDICTION

9. This Court has jurisdiction over this case pursuant to Title 42 U.S.C. § 1983.

10. Plaintiff's brings claims pursuant to the First Amendment

11. Plaintiff brings claims pursuant to the Fourteenth Amendment Substantive Due Process and Equal Protection Clauses.

12. Plaintiff brings a claim of a Conspiracy to deprive civil rights.

13. This Court has pendent jurisdiction over claims of malicious prosecution.

## III.   FACTS

14. Kostov is an adult male who has lived in Millvale with his wife and two (2) adult children for ten (10) years.

15. Kostov is Bulgarian and does not speak English.

16. Defendant and Millvale Council Member, Jason Miller, has lived next door to Kostov at 507 Mary street for at least ten (10) years.

17. Adult relatives of Jason Miller, being Robert, Paul and Andrew Miller, live on the other side of Kostov at 503 Mary Street.

18. On or about December 22, 2014, Tunstall issued Kostov a written warning to Kostov for placing plastic cones in front of his home.

19. Kostov ceased using the cones despite neighbors using similar cones.

20. On or about March 26, 2015, Kostov reported vandalism, nails intentionally placed near his car, to Millvale police officer, Michael Vith ("Vith").

21. Kostov reported that neighbor, Jason Miller, placed the nails.

22. Jason Miller is a Millvale Councilperson.

23. Chief, Derek Miller, relative of Jason Miller, drafted a report.

24. Derek Miller decided not to prosecute his relative, Jason Miller.

25. Kostov complained that Jason Miller was receiving special treatment.

26. Afterward, on or about April 29, 2016, a constable came to Kostov's home to "arrest" Kostov.

27. Kostov was not home and the constable left an "Arrest Warrant Notice."

28. Kostov was not provided any notice of a problem or a citation issued by Tunstall against him for Kostov's positioning of his outdoor grille.

29. Kostov did not appear at the hearing before Magistrate, Robert P. Dzvonick because he was not sent written notice of the hearing.

30. On or about March 1, 2016, Kostov filed an appeal in the County Court of Commons Pleas, Docket Number CP-02-MD-00012333-2016 and the matter.

31. On May 24, 2016, the charges were withdrawn by Tunstall and the matter was "resolved."

32. Kostov complained to Tunstall about "discrimination," that his neighbors on both sides, being members of the Miller Family, were not being treated equally with regard to their grilles.

33. On or about, August 18, 2016, Tunstall issued a second citation to Plaintiff for his complaints.

34. Again, Kostov received no citation in the mail.

35. Upon acquiring a copy of the summary trial notice, he discovered his last name was misspelled, "Kosta" instead of Kostov.

36. Kostov and Tunstall appeared before the Magistrate on September 8, 2016 (MJ-05203-0000668-2016).

37. Tunstall again complained about Kostov's grille.

38. Kostov responded that his neighbors have similarly situated grilles alongside his house.

39. The magistrate dismissed the case against Plaintiff because it was frivolous.

40. On or about September 1, 2016, Millvale Police Officer, believed to be, James Komorowski arrived at Kostov's home and threatened to "arrest" Kostov.

41. Komorowski told Plaintiff to move his grille.

42. Plaintiff complained about harassment and discrimination but moved his grille due to the threats of arrest.

43. On or about September 4, 2016, Kostov, on his property, complained to Jason Miller about harassment.

44. Jason Miller entered Kostov's property and punched Kostov in the face multiple times.

4

45. Miller's Girlfriend, Ashley Leoone spit on Kostov.

46. Jason Miller called the police and Millvale Officer, Brandon Morgan ("Morgan") and other officers arrived.

47. Morgan arrested Miller and Leoone.

48. Kostov was not arrested.

49. The "incident report" drafted by Morgan was approved by Derek Miller.

50. The assault was captured on Kostov's surveillance cameras.

51. Plaintiff and his son, Martin, went to the Millvale Police Department September 5, 2016 and Officer Morgan provided a copy of his report.

52. Derek Miller was in charge of the police department and refused to prosecute Jason Miller.

53. Kostov complained to the Magistrate, The Millvale Police, the Allegheny County District Attorney, Attorney General and the FBI about Derek Miller not filing charges against Jason Miller.

54. The Allegheny County District issued a letter dated September 18, 2017, complaint number G-383-17, that stated there was "insufficient basis upon which this office can proceed with further criminal investigation or prosecution at this time."

55. On or about February 12, 2017, Komorowski met with Jason Miller at his home and photographed Kostov's home.

56. On or about June 15, 2017 Kostov received a retaliatory "Notice of violation" about his fence and was provided until June 26, 2017 to move it.

57. Afterward, Kostov and his son, Martin Kostov ("Martin"), went to the Millvale municipal building to speak to Tunstall.

58. Tunstall was not present.

59. Kostov and Martin then went to the Police Department to complain.

60. Kostov and Martin were met by Officer Komorowski.

61. Martin complained and asked why the Millvale Police did not look at their video and why the police protect Jason Miller.

62. Officer Komorowski told Martin that they did all they had to do and "the case was over."

63. Asst. Chief, Komorowski then threatened Martin and Kostov with Retaliation and said:

   a. If you don't leave, you'll be arrested;

   b. Do not complain to the Borough or the Police Department anymore;

   c. You're lucky, your dad should have been arrested too.

64. On or about June 27, 2017, Tunstall issued a retaliatory Summary Trial Notice to Kostov for "General Upkeep" and that his fence was allegedly "attached to J. Millers carport…any other items must be moved 4 inches from Miller property Line."

65. The fence at issue was in place for over six (6) years.

66. On or about July 14, 2017, Millvale Officer, Zachary Potetz, issued Kostov a retaliatory citation for "harassment" for allegedly going to Jason Miller's house.

67. On or about August 8, 2017, both the fence trial (MJ-05203-NT-0000402-2017) and the harassment hearing (MJ-05203-NT-0000434-2017) were heard before Magistrate Dzvonick.

68. Tunstall, Komorowski, Jason Miller, Father of Jason Miller and Ashley Leoone and two (2) daughters appeared together. One (1) daughter testified.

69. Martin talked to Tunstall on or about August 8, 2017, and Tunstall admitted that, "We are all friends."

70. Magistrate Dzvonick dismissed the harassment case against Kostov because it was frivolous.

71. Magistrate Dzvonick ordered that Kostov move the fence and Kostov agreed.

72. Kostov promptly removed a portion of his fence.

73. Jason Miller began to erect a fence around his yard on or about August 15, 2017 and Komorowski showed up three (3) days in a row and threatened Kostov who was always on his property as follows.

74. On or about August 15, 2017, Komorowski appeared on the edge of Kostov's property and told Kostov and son, Ivan, "If you say anything to anyone, you'll be arrested."

75. The threat silenced Plaintiff.

76. On or about August 16, 2017, Komorowski told Kostov and Ivan, "If you interfere, you will be arrested."

77. Komorowski also had his hands inches away from his holstered sidearm in an intimidating posture that resulted in Plaintiff and his son, Ivan, retreating back inside their home.

78. On August 17, 2017, Komorowski again appeared near Plaintiff's property and told Kostov and Ivan, "If you move, you'll be arrested."

79. The threats each day, caused Kostov to be silent and to go back inside his home.

80. The threats deprived Kostov of the enjoyment of his liberty and property.

81. After Miller erected his fence, it was revealed that Kostov's fence was not in the way after all and Kostov put his fence back up.

82. Recently, Kostov has witnessed Millvale police vehicles, directed by now Chief Komorowski, following him and his family in their car on May 14, 17, 21, 24, 2018 and demands that it stop.

83. It is believed and averred that Defendants are associates, friends, employees of Millvale, and members of the local VFW.

84. Plaintiff files this case to end the continuing threats, harassment and prosecution he has suffered and to Order Defendant officers to equally enforce the laws.

## IV. CAUSES OF ACTION

85. Plaintiff repeats all averments herein.

86. All Defendants acted under color of state law.

## COUNT 1: CONSPIRACY TO DEPRIVE CIVIL RIGHTS

87. The Defendants are police officers, a zoning officer and a neighbor of Plaintiff who is a political official.

88. Neighbor and councilman, Jason Miller, used his political influence and association with Defendants to agree to single out and prosecute his neighbor, the Plaintiff.

89. All Defendants had a mutual understanding, an agreement, express or implied, to deprive Plaintiff of fundamental rights guaranteed by the United States Constitution.

90. All Defendants acted in furtherance of the agreement to deprive Plaintiff's rights.

91. As a direct result of a civil conspiracy to deprive civil rights. Plaintiff suffered the deprivation of liberty and property.

92. Plaintiff demands all available relief, compensatory and punitive damages, costs and

fees.

## COUNT 2: FIRST AMENDMENT

93. Plaintiff engaged in continued protected speech, meaning he complained about unequal protection of the laws, police and municipal misconduct and abuse of power.

94. Defendant Komorowski specifically threatened Plaintiff to stop complaining.

95. Within a short time after complaining, Plaintiff received retaliation from all Defendants in the form of citations, prosecutions, threats of police action, threats of violence and physical violence and a failure of police to enforce laws upon those who threaten Plaintiff.

96. As a direct result of retaliation, Plaintiff suffered a loss of liberty and property.

97. Plaintiff demands all available relief for willful and malicious violations of law, compensatory and punitive damages, costs and fees.

## COUNT 3: EQUAL PROTECTION

98. Defendants selectively enforced the law and singled out Plaintiff based upon his alienage and nationality.

99. Defendants had no rational basis for their prosecutorial actions and failure to equally enforce the laws.

100. Defendants refused to enforce laws upon those who threatened or used violence upon Plaintiff.

101. Defendant orchestrated a campaign of official harassment out of sheer malice.

102. The discrimination was purposeful and the result of the political affiliation of Jason Miller.

103. Plaintiff suffered loss of liberty and property.

104. Plaintiff demands all available relief for willful and malicious violations of law, compensatory and punitive damages, costs and fees.

## COUNT 4: SUBSTANTIVE DUE PROCESS

105. Defendants acted to deprive Plaintiff of liberty and property.

106. Defendants acted with reckless disregard and deliberate indifference of Plaintiff's rights.

107. Defendants actions were the result of retaliation and malice, a strict abuse of power, that shock the conscience of the community.

108. Plaintiff suffered the loss of liberty and property.

109. Plaintiff demands all available relief for willful and malicious violations of law, compensatory and punitive damages, costs and fees.

## COUNT 5: MALICIOUS PROSECUTION

110. Defendants initiated multiple criminal proceedings against Plaintiff.

111. Defendants did not have probable cause and the proceedings were filed with malice, bias and retaliation.

112. The proceedings were terminated in Plaintiffs favor.

113. Plaintiff suffered the loss of liberty and property.

114. Plaintiff demands all available relief for willful and malicious violations of law, compensatory and punitive damages, costs and fees.

WHEREFORE Plaintiffs prays for a judgment against the Defendants for money and for such other relief as the Honorable Court deems just.

## **JURY TRIAL DEMANDED**

Respectfully submitted,

*/s/ Erik M. Yurkovich*

ERIK M. YURKOVICH, ESQ.
Attorney at Law
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199

Attorney for Plaintiff:
Kosta I. Kostov